UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00884-RJC-SCR

| | |
|---|---|
| DAVID SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| ABSOLUTE RESOLUTIONS ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on pro se Plaintiff David Smith's Motion for Entry of Default. (Doc. No. 4).

Plaintiff filed this action on December 21, 2023. (Doc. No. 1). Plaintiff moved for entry of default on March 20, 2024. (Doc. No. 4). On the same day, Plaintiff also filed proof of service. (Doc. No. 3).

The clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Before entering default against a defendant, a court must be assured that the defendant has been properly served. This is because "a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule." *Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245, 249 (4th Cir. 1974). "Thus, the party seeking entry of

1

default must produce sufficient evidence to demonstrate not only that the adverse party has failed to respond, but also that they were properly served." *Das v. NC*, No. 322CV00561FDWDCK, 2023 WL 5088974, at *2 (W.D.N.C. July 18, 2023). "Except for service by a United States marshal or deputy marshal, proof of service must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1)).

Under the federal rules, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). "Therefore, even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020) (cleaned up), *aff'd,* 834 F. App'x 54 (4th Cir. 2021); *see also Das*, 2023 WL 5088974, at *2.

The Federal Rules of Civil Procedure provide that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

North Carolina law permits a plaintiff to properly serve a corporation by mailing a copy of the summons and of the complaint by registered or certified mail, return receipt requested, and addressed to an appropriate officer, director, or managing agent. *See* N.C. R. Civ. P. 4(j)(6). Plaintiff's submitted documents indicate

2

that one corporation will be served in Illinois, while the other two will be served in Minnesota. (Doc. No. 3). Illinois law allows for service to be made upon a private corporation "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State or in any other manner now or hereafter permitted by law." 735 Ill. Comp. Stat. Ann. 5/2-204. Further, under Minnesota law, service may be effected on a corporation "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." Minn. R. Civ. P. 4.03.

Here, Plaintiff's attempt to serve Defendants suffers from several deficiencies. Plaintiff filed proof of service and USPS receipts for each of the three Defendants: Transunion, LLC; Absolute Resolutions Corporation; and Absolution Resolution Investment, LLC. (Doc. No. 3). Plaintiff's documents show that Plaintiff attempted to serve each summons himself by certified mail and that each summons was directed to the corporation by name—and not directed to any officer or agent. Service mailed and simply directed to the corporations themselves was not proper, as it was not directed to the appropriate officers or agents. Further, Plaintiff—a party to this action—mailed the summons and complaint to Defendants himself, and as a result, service was defective under Federal Rule of Civil Procedure 4(c)(2). Thus, Plaintiff's attempt to serve Defendants was not proper under the Federal Rules or the rules of the relevant states: North Carolina, Minnesota, and Illinois. *See* N.C. R. Civ. P. 4(j)(6); 735 Ill. Comp. Stat. Ann. 5/2-204; Minn. R. Civ. P. 4.03. Accordingly, Defendants were not properly served.

Plaintiff is not entitled to entry of default because he has failed to properly serve Defendants. Thus, Plaintiff's Motion for Entry of Default is denied. Plaintiff is ordered, within twenty-one (21) days from date of entry of this Order, to show good cause for failure to serve Defendants.

**IT IS THERFORE ORDERED** that:

1. Plaintiff's Motion for Entry of Default, (Doc. No. 4), is **DENIED**; and

2. Within twenty-one (21) days of the entry of this Order, Plaintiff shall show good cause for failure to properly serve Defendants. Failure to do so will cause the Court to dismiss this case.

Signed: April 26, 2024

Robert J. Conrad, Jr.
United States District Judge